# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

TISHIEKA A. BARNES,

                Plaintiff,

-vs-                                                Case No.  5:09-cv-443-Oc-JRK

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Tishieka A. Barnes ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Her alleged inability to work is based on the physical impairments of diabetes, high blood pressure, carpal tunnel syndrome, asthma, and problems with her stomach and colon. Transcript of Administrative Proceedings (Doc. No. 12; "Tr.") at 160, 186. On August 16, 2006, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of June 1, 2005. Tr. at 142-46, 147-48, 149.[2] The Social

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge, see Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 13), and the Order of Reference (Doc. No. 14) was entered on March 2, 2010.

[2] Plaintiff did not sign or date the copy of the DIB application in the record. Tr. at 144. The DIB application has a date of September 12, 2006 appearing at the top of each page. Tr. at 142-44. Likewise, the receipt for the SSI application has a date of September 12, 2006 appearing at the top of each page. Tr. at 145-46. A summary of the SSI application states that the application date was September 12, 2006. Tr. at 147. A "DISCO DIB Insured Status Report" indicates the application date was August 16, 2006. Tr. at 149. An Administrative Law Judge ("ALJ") confirmed in her written Decision that the filing date for both applications was August 16, 2006. Tr. at 8. Therefore, the undersigned assumes a filing date of August 16, 2006.

Security Administration denied these applications initially and upon reconsideration. Tr. at 74-81, 85-91, 93-97.  Plaintiff then requested and received a hearing before an ALJ on March 17, 2009, during which she testified and was represented by a non-attorney representative. Tr. at 18-73, 98.  A vocational expert ("VE") also testified at the hearing. Tr. at 64-67, 68-71.  On June 15, 2009, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision and denying her claims.  Tr. at 8-17.  Following the ALJ's Decision, Plaintiff filed a Request for Review by the Appeals Council, which was denied. Tr. at 1-3, 4.  Accordingly, the ALJ's June 15, 2009 Decision is the final decision of the Commissioner.  Tr. at 1.  On October 7, 2009, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.  Plaintiff has exhausted the available administrative remedies, and the case is properly before the Court.

Plaintiff, who was thirty-five years old at the time of her hearing before the ALJ, Tr. at 27, raises three issues on appeal: (1) whether the ALJ properly evaluated Plaintiff's subjective complaints of pain and other symptoms; (2) whether the ALJ properly considered Plaintiff's upper extremity limitations in the determination of Plaintiff's residual functional capacity ("RFC"); and (3) whether the ALJ's finding at step five of the sequential evaluation process that Plaintiff can perform other work is supported by substantial evidence. Plaintiff's Brief (Doc. No. 16; "Pl.'s Br.") at 1, 6-20.  After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the ALJ did not properly evaluate Plaintiff's subjective pain complaints, and by extension did not adequately formulate Plaintiff's RFC.  In addition, the ALJ's step five finding must be

revisited. Accordingly, the Commissioner's final decision is due to be reversed and remanded for further proceedings consistent with this Opinion and Order.

## II. The ALJ's Decision

When determining whether an individual is disabled, an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See 20 C.F.R. §§ 404.1520 and 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

Here, the ALJ performed the required five-step sequential analysis. Tr. at 10-17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2005, the alleged onset date. Tr. at 10. At step two, the ALJ determined that Plaintiff has the following severe impairments: "diabetes mellitus, obesity, gastrointestinal disease, and carpal tunnel syndrome." Tr. at 10. At step three, the ALJ found that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525, 404.1526, 416.925 and 416.926). Tr. at 10-11.

Next, the ALJ found that Plaintiff retains the RFC to perform the full range of sedentary work. Tr. at 11. Despite making this finding, the ALJ specifically enumerated in the RFC determination the following additional restrictions: Plaintiff is limited in pulling and/or pushing in lower extremities; she can only occasionally climb ramps and stairs; she can never climb ladders, ropes or scaffolds; she can occasionally balance, stoop, kneel, crouch and crawl; she should avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation; and she should avoid even moderate exposure to hazards (machinery and heights). Tr. at 11. At step four, the ALJ relied on the testimony of the VE in finding that Plaintiff is unable to perform any of her past relevant work as a fast food worker (Dictionary of Occupational Titles ("DOT") #311.472-010),which is light work with a specific vocational preparation ("SVP") of 2; and a box maker (DOT #760.684-014), which is medium work with an SVP of 3. Tr. at 16. The ALJ went on to state that the VE testified Plaintiff could perform other work such as: (1) dispatcher maintenance service (DOT #329.367-014), which is sedentary work with an SVP of 3 and 138,493 jobs nationally and 7,525 jobs in Florida; and (2) telephone answering service operator (DOT #235.662-026) which is sedentary work with an SVP of 3 and 228,442 jobs nationally and 14,022 jobs in Florida. Tr. at 16. Then, at step five, the ALJ determined there are other jobs that exist in significant numbers in the national economy Plaintiff can perform, considering her age, education, work experience and RFC. Tr. at 17. The ALJ concluded that "[b]ased on a residual functional capacity for the full range of sedentary work, considering [Plaintiff's] age, education, and work experience, a finding of 'not disabled' is directed by Medical-Vocational Rule 201.24." Tr. at 17.  Thus, the ALJ

concluded that Plaintiff was not under a disability[3] from June 1, 2005 through the date of the Decision.  Tr. at 17.

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence'[.]" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial

---

[3]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).

evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff raises the following issues: (1) whether the ALJ properly evaluated Plaintiff's subjective complaints of pain and other symptoms; (2) whether the ALJ properly considered Plaintiff's upper extremity limitations in the determination of Plaintiff's RFC; and (3) whether the ALJ's finding at step five of the sequential evaluation process that Plaintiff can perform other work is supported by substantial evidence. Pl.'s Br. at 1, 6-20. Because the first two issues are largely intertwined, the undersigned addresses them together, followed by a discussion of the third issue.

### A.   The ALJ's Evaluation of Plaintiff's Subjective Complaints of Pain and the Functional Limitations Resulting From Impairments to Plaintiff's Upper Extremities

Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain. Pl.'s Br. at 7-9, 16-20. Plaintiff focuses mainly on the alleged swelling and pain in her hands and wrists resulting from carpal tunnel syndrome, id. at 7-9, but adds that she was unable to sit during the hearing for any length of time, she has medically documented edema, and she has difficulty breathing. Id. at 19-20. Furthermore, Plaintiff argues that although the ALJ recognized Plaintiff's carpal tunnel syndrome as a severe impairment, the ALJ did not include any manipulative limitations in the RFC (such as limitations in reaching, handling, fingering, and grasping) resulting from this impairment. Id. at 6-10. The Commissioner responds that the ALJ properly discredited Plaintiff's pain testimony and that Plaintiff has not "shown that she actually has functional limitations related to handling,

-6-

fingering, reaching, and grasping." Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") at 6-7, 11-12.

Plaintiff testified at the hearing that she would not be able to do her past work because her hand "swells up on me off and on," and she has constant pain in her wrist and shoulder. Tr. at 36, 38. She described the pain in her wrist as "nerve pain" and explained that "[s]ometimes it feels like it's really heavy." Tr. at 38. She said that at times her wrist "swells up where I can't bend it or like say like I told you I do my daughter hair it go to swelling up on me I can't finish her hair." Tr. at 38. She further explained that she cannot use a can opener. Tr. at 39. She also testified she has problems with her grip, and she has to drive with her arm over the steering wheel because she cannot use her hand. Tr. at 39.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223. Although "credibility determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the claimant's testimony. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "[a]fter considering a claimant's

complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence") (citation omitted).

"When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)); see also 20 C.F.R. § 416.929(c)(3)(i)-(vi) (providing the same).

Here, the ALJ summarized Plaintiff's subjective complaints of pain, specifically recognizing Plaintiff's testimony that she has "problems with her right arm, wrist, and shoulder. The wrist is painful and swelling." Tr. at 11-12. The ALJ concluded that Plaintiff's "medically determinable impairments c[an] reasonably be expected to cause the alleged symptoms"; however, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the" RFC assessment. Tr. at 12. The ALJ then summarized in detail the medical evidence of record. Tr. at 12-16. Following the summary of medical evidence, the ALJ concluded:

> [Plaintiff] has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. [Plaintiff] testified that she drives once a week. She tries to perform the household chores when she is not lying down.

Tr. at 16.  Other than describing a couple of Plaintiff's daily or weekly activities and observing that such activities are supposedly inconsistent with "complaints of disabling symptoms and limitations,"[4] the ALJ did not set forth reasons or provide an explanation for discrediting Plaintiff's testimony.

In Snyder v. Comm'r of Soc. Sec., the ALJ's discrediting of a claimant's pain testimony largely resembles that of the instant case.  330 Fed. App'x 843, 847-48 (11th Cir. May 29, 2009) (unpublished).  There, the United States Court of Appeals for the Eleventh Circuit found error in the ALJ's discrediting of the claimant's pain testimony.  Id.  The Snyder Court summarized the ALJ's findings as follows:

> [T]he ALJ properly applied the pain standard by finding that [the claimant's] underlying medical condition of Hepatitis C reasonably could be expected to produce the alleged symptoms. [footnote omitted]  However, the ALJ failed to give explicit and adequate reasons for discrediting [the claimant's] testimony about the severity of her pain and fatigue.  The ALJ merely stated that [the claimant's] testimony as to the intensity, persistence and limiting effects of her symptoms was "not entirely credible" and that "[h]er allegations of disabling pains in her legs, feet, and hands are not supported by the objective medical evidence of record to the extent alleged."  The ALJ did not point to any objective medical evidence contradicting [the claimant's] pain allegations, but appears to discredit them based on a lack of objective medical evidence.  The ALJ gave no further explanation for his decision to discredit [the claimant's] testimony.

Id. at 848 (some alterations in original).  The Eleventh Circuit found, inter alia, that "[s]uch a broad credibility finding is not sufficient under our precedent."  Id. (citing Wilson, 284 F.3d at 1225; Foote, 67 F.3d at 1562).

Similarly, here, the ALJ properly recited the pain standard and then made the finding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these

---

[4] Plaintiff takes issue with the ALJ "fail[ing] to note that [Plaintiff] repeatedly testified that her family helped her and that she spent most of her day lying down."  Pl.'s Br. at 19.

symptoms are not credible to the extent they are inconsistent with the" RFC assessment. Tr. at 12. However, the ALJ did not give explicit and adequate reasons for discrediting Plaintiff's testimony about her pain. See Wilson, 284 F.3d at 1225; Snyder, 330 Fed. App'x at 847-48. As indicated above, the ALJ did discuss in detail the medical evidence of record, Tr. at 12-16, but the ALJ made no attempt to explain how (if at all) such evidence supports a finding that Plaintiff is incredible. Furthermore, although the ALJ was permitted to consider (and in fact should have considered) Plaintiff's daily activities in evaluating her credibility, see 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), the ability to participate in daily activities for a short duration as Plaintiff described does not in and of itself preclude a finding of disability. See Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997) (finding that participation in everyday activities "such as housework and fishing" is insufficient to disqualify "a claimant from disability"). Therefore, the one attempt made by the ALJ to provide an explanation for discrediting the testimony–contrasting Plaintiff's daily activities with her alleged pain symptoms–does not suffice. See id. Remand is required for the ALJ to reevaluate Plaintiff's pain testimony.

With respect to the RFC determination, Plaintiff argues that "[d]espite the record evidence of positive nerve conduction studies in 2006 and her worsening carpal tunnel syndrome symptoms, as well as the ALJ's own admission that the condition was a severe impairment, the ALJ did not engage in any analysis of [Plaintiff's] upper extremity manipulative limitations." Pl.'s Br. at 9. In determining an individual's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments . . . ." SSR 96-8P, 1996 WL 374184 at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914

F.2d 222, 226 (11th Cir. 1990) (stating "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that, "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citation omitted). Here, the ALJ's decision to discredit Plaintiff's testimony necessarily had an impact on the RFC determination. See Tr. at 12 (finding Plaintiff incredible to the extent her alleged limiting effects are inconsistent with the RFC determination). Because this matter is due to be remanded for reevaluation of Plaintiff's pain testimony, there may be an impact on the RFC determination on remand. Therefore, the ALJ shall also reevaluate the RFC determination. If the ALJ concludes that no manipulative limitations result from Plaintiff's carpal tunnel syndrome, the ALJ should so state.

### B. The ALJ's Step Five Finding

Plaintiff next challenges the ALJ's step five finding that Plaintiff is capable of performing work that exists in significant numbers in the national economy. Pl.'s Br. at 10-16. The ALJ found that Plaintiff is unable to perform her past relevant work, Tr. at 16, and thus, the burden shifted to the Commissioner "to show the existence of other jobs in the national economy which, given [Plaintiff's] impairments, [Plaintiff] can perform." Jones v. Apfel, 190 F.3d 1224, 1228-29 (11th Cir. 1999) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The Commissioner often meets this burden by relying on the Medical Vocational Guidelines ("Grids"). Jones, 190 F.3d at 1228-29 (citing Foote, 67 F.3d at 1559). However, the Commissioner may not rely exclusively on the Grids in two

situations: "*either* when [a] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments[5] that significantly limit basic work skills." Phillips, 357 F.3d at 1242 (emphasis in original) (internal alterations, quotation, and citation omitted). Under such circumstances, the Commissioner may use the Grids as a framework to evaluate vocational factors but also must introduce independent evidence– preferably through the testimony of a VE– of the existence of jobs in the national economy that the claimant can perform. See Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir. 1996).

Here, the ALJ found that Plaintiff can perform the full range of sedentary work but then specifically enumerated in the RFC determination the following exertional and nonexertional restrictions: Plaintiff is limited in pulling and/or pushing in lower extremities; she can only occasionally climb ramps and stairs; she can never climb ladders, ropes or scaffolds; she can occasionally balance, stoop, kneel, crouch and crawl; she should avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation; and she should avoid even moderate exposure to hazards (machinery and heights). Tr. at 11. Plaintiff argues – and the Commissioner does not dispute – that Plaintiff's nonexertional limitations preclude the mechanical application of the Grids. Pl.'s Br. at 10, 14-16; Def.'s Mem. at 7. The Commissioner contends, however, that "[t]he ALJ recognized that Plaintiff had

---

[5] "Exertional limitations affect an individual's ability to meet the seven strength demands of the job: sitting, standing, walking, lifting, carrying, pushing, and pulling." Phillips, 357 F.3d at 1242 n.11 (citing Social Security Ruling ("SSR") 96-4, 61 Fed. Reg. 34488 (July 2, 1996)). "Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all physical limitations that are not included in the seven strength demands." Phillips, 357 F.3d at 1242 n.11 (citing SSR 96-4). Environmental limitations are considered nonexertional. Sryock v. Heckler, 764 F.2d 834, 836 n.3 (11th Cir. 1985).

-12-

limitations which precluded the strict application of the Grids and that she only could use the Grids as a framework for her decision." Def.'s Mem. at 7.

Contrary to the Commissioner's interpretation of the ALJ's step five analysis, it is difficult for the Court to tell whether the ALJ relied upon the Grids, the testimony of the VE, or some combination of the two in making the step five determination. On the one hand, the ALJ referred to the testimony of the VE regarding jobs that Plaintiff could perform. Tr. at 16. On the other hand, the ALJ apparently strictly applied the Grids and found that "[b]ased on a residual functional capacity for the full range of sedentary work, considering [Plaintiff's] age, education, and work experience, a finding of 'not disabled' is directed by Medical-Vocational Rule 201.24." Tr. at 17.

Even assuming the ALJ did not strictly apply the Grids, Plaintiff argues that the ALJ could not rely upon the VE's testimony because the ALJ failed to include all of Plaintiff's RFC restrictions in the hypothetical to the VE. Pl.'s Br. at 11-12. When an ALJ relies on the testimony of a VE, "the key inquiry shifts [from the RFC assessment in the ALJ's written decision] to the adequacy of the RFC description contained in the hypothetical posed to the VE." Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished). For a VE's testimony to constitute substantial evidence, the hypothetical question must comprise all of the claimant's impairments and limitations. See Jones, 190 F.3d at 1229. The ALJ asked the VE to assume that the hypothetical claimant was limited to sedentary work, Tr. at 69, but she did not include in the hypothetical all the exertional and nonexertional limitations she later found in the RFC in her written Decision. Tr. at 11, 69. The Commissioner concedes error in this regard, but argues such error is

harmless because the jobs ultimately identified by the VE do not require any demands Plaintiff is unable to perform. Def.'s Mem. at 8-10. Because this matter is due to be remanded for other reasons, the Court need not decide whether the error is harmless; on remand, the ALJ shall reevaluate the step five determination and ensure inclusion of all of Plaintiff's limitations in the hypothetical to the VE.[6]

### V. Conclusion

The ALJ did not articulate explicit and adequate reasons for discrediting Plaintiff's subjective pain testimony. Therefore, remand is required. Since the credibility determination necessarily impacts the RFC determination, that too shall be revisited. Finally, the ALJ shall reevaluate the step five finding. In accordance with the foregoing, it is hereby

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's decision and **REMANDING** this matter with the following instructions:

 (a) Reevaluate Plaintiff's subjective complaints of pain and other symptoms in light of all of the evidence of record, consider all of the

---

[6] Plaintiff also takes issue with two other aspects of the ALJ's step five determination: (1) the ALJ asking the VE to assume the individual has "diabetes, the headaches and shortness of breath," Tr. at 69, without translating the impairments resulting from these conditions into work-related functions; and (2) the ALJ's reliance the VE's testimony regarding semi-skilled work without first identifying which (if any) transferable skills Plaintiff has. Pl.'s Br. at 12. These issues are moot given the Court's determination that step five must be reevaluated.

    factors set forth in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), and provide explicit and adequate reasons if Plaintiff is discredited;

  (b) Reevaluate Plaintiff's residual functional capacity;

  (c) Reevaluate the step five findings, including the hypothetical question posed to the vocational expert; and

  (d) Take such other action as may be necessary to resolve these claims properly.

2. The Clerk of Court is directed to close the file.

3. If benefits are awarded on remand, Plaintiff's counsel shall have thirty (30) days from receiving notice of the amount of past due benefits to seek the Court's approval of attorney's fees pursuant to 42 U.S.C. § 406(b).  See Bergen v. Comm'r Soc. Sec., 454 F.3d 1273 (11th Cir. 2006).

**DONE AND ORDERED** at Jacksonville, Florida, on March 16, 2011.

_/s/ James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record